United States Bankruptcy Court
Southern District of Texas
**ENTERED**
September 11, 2024
Nathan Ochsner, Clerk

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| IN RE: | § § | |
| | § | CASE NO: 21-32351 |
| **LIMETREE BAY SERVICES, LLC,** *et al.*, | § § | |
| | § | CHAPTER 11 |
| Debtors. | § § | |
| | § | |
| **LIMETREE BAY TERMINALS, LLC d/b/a OCEAN POINT TERMINALS and DAVID M. DUNN, AS LIQUIDATING TRUSTEE OF THE LBR LIQUIDATING TRUST,** | § § § § § § | |
| v. | § § | ADVERSARY NO. 22-03306 |
| **EUCLID ENVIANT, LLC f/k/a/ EUCLID ENVIRONMENTAL UNDERWRITERS, LLC d/b/a ENVIANT and CERTAIN UNDERWRITERS AT LLOYD'S, LONDON SUBSCRIBING TO POLICY NOS. ENVP0000296-20 and ENVX0000256-20,** | § § § § § § § § § § | |
| Defendants. | § | |

### ORDER ON DEFENDANTS' MOTION TO DISMISS AND PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

      For the reasons stated below, Defendants' Motion to Dismiss the Complaint[1] is granted as to claims against Euclid Enviant, LLC and denied as to the remaining claims. Plaintiffs' Motion for Partial Summary Judgment is denied.[2]

---

[1] ECF No. 52 (as supplemented at ECF No. 76).
[2] ECF No. 53 (as supplemented at ECF No. 75).

## BACKGROUND

Plaintiffs are Limetree Bay Terminals, LLC and David M. Dunn as Liquidating Trustee for the LBR Liquidating Trust.[3] The Trustee is the successor-in-interest to debtor Limetree Bay Refining, LLC.[4] Defendants are Euclid Enviant, LLC and the Insurers.[5]

Plaintiffs' insurance program is organized into four towers, each of which contains primary and excess coverage: the Pollution Tower, the General Liability Tower, the Owner Controlled Insurance Program, and the Contractors Pollution Liability Tower.[6] The Insurers provide coverage under insurance policies on the Pollution Tower ("**Pollution Policies**"). The "Pollution Tower consists of Underwriters' Policy No. ENVP0000296-20, which is the primary layer . . ., and four layers of excess pollution coverage" and "Underwriters' Policy No. ENVX0000256-20 is the first layer of excess pollution coverage[.]"[7]

Plaintiffs' lawsuit is about the priority of coverage among the four towers in relation to several underlying lawsuits filed in St. Croix, U.S. Virgin Islands ("**Underlying Lawsuits**").[8] Plaintiffs allege in the Complaint that Insurers refuse to cover the Underlying Lawsuits.[9] According to Plaintiffs, Insurers claim that the other insurers must provide coverage before Insurers must do so under the Pollution Policies.[10] A key part of the parties' dispute is the legal effect of an "other-insurance" provision in an Endorsement No. 31 to the Pollution Policies, which may have modified the terms of the primary policy.[11]

Plaintiffs claim they never received Endorsement No. 31, so it is not actually part of the Pollution Policies.[12] And, even if Endorsement No. 31 contains the operative other-insurance clause, the parties dispute whether it makes the Pollution Policies a true excess policy or a primary policy with an other-insurance provision.[13] No matter which version of the Pollution Policies is operative, Plaintiffs

---

[3] Second Amended Complaint ¶ 1, ECF No. 70.
[4] Second Amended Complaint ¶ 1, ECF No. 70.
[5] The "Insurers" are certain underwriters at Lloyd's, London subscribing to Policy Nos. ENVP0000296-20 and ENVX0000256-20.
[6] Second Amended Complaint ¶¶ 22-31, ECF No. 70.
[7] Second Amended Complaint ¶ 24, ECF No. 70.
[8] Second Amended Complaint ¶¶ 1-2, ECF No. 70.
[9] Second Amended Complaint ¶ 3, ECF No. 70.
[10] Second Amended Complaint ¶ 3, ECF No. 70.
[11] Second Amended Complaint ¶ 62, ECF No. 70.
[12] Second Amended Complaint, Exhibit A at 18, ECF No. 70-2. The Court also notes that Endorsement 12, which Plaintiffs do not seem to contest the validity of, contains similar language but lists far fewer other insurance policies to which it purports to be excess.
[13] Second Amended Complaint ¶ 5, ECF No. 70.

claim coverage under the policies is triggered because there are no other valid and collectible insurance proceeds available under any of the other insurance towers.[14]

### Defendants' Motion to Dismiss

Defendants ask the Court to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6).[15] Defendants claim Plaintiffs have not properly plead that they exhausted other insurance policies or joined certain necessary parties (potential other insurers).[16] They also assert claims against Enviant should be dismissed because Enviant is not an "Insurer" under the Pollution Policies.[17] Thus, according to Defendants, the Complaint fails to state a plausible claim for relief.[18] Alternatively, under Federal Rule of Civil Procedure 12(b)(7), Defendants ask the Court to dismiss the Complaint or to order Plaintiffs to join the other insurers (listed in the schedule to Endorsement No. 31) as necessary parties.[19]

### Plaintiffs' Motion for Partial Summary Judgment

Plaintiffs' Motion for Partial Summary Judgment asks the Court to grant summary judgment, finding that the other-insurance clause in the policy does not allow Defendants to avoid providing coverage to Plaintiffs now (and later seek reimbursement from other or primary insurers if necessary).[20]

## DISCUSSION

Federal Rule of Civil Procedure 12(b)(6) affords defendants relief from a plaintiff's defective complaint. FED. R. CIV. P. 12(b)(6). Federal Rule of Bankruptcy Procedure 7012(b) applies Rule 12(b) to adversary proceedings. FED. R. BANKR. P. 7012(b).

Federal Rule of Civil Procedure 12(b)(6), made applicable under Federal Rule of Bankruptcy Procedure 7012, allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "A pleading

---

[14] Second Amended Complaint ¶ 90, ECF No. 70.
[15] Defendants' Amended Motion to Dismiss ¶ 34, ECF No. 52.
[16] Defendants' Amended Motion to Dismiss ¶¶ 1-4, ECF No. 52.
[17] Defendants' Amended Motion to Dismiss ¶ 34, ECF No. 52.
[18] Defendants' Amended Motion to Dismiss ¶¶ 1-4, ECF No. 52.
[19] Defendants' Amended Motion to Dismiss, ECF No. 52.
[20] Plaintiffs' Motion for Partial Summary Judgment ¶12, ECF No. 53

that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do." *Id.* (internal quotation marks and citation omitted). When considering a motion to dismiss under Rule 12(b)(6), courts accept well pleaded allegations as true and liberally construe the complaint in favor of the plaintiff. *See Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019).

I. **The Motion to Dismiss is Granted in Part and Denied in Part.**

   A. **Enviant is Dismissed as a Defendant.**

Plaintiffs allege in the Complaint that the primary Pollution Policy defines "Insurer" to mean "the entity set forth in Item 8(c) of the Declarations."[21] And because Enviant is the only entity identified in Item 8(c), it deems Enviant an "Insurer."[22] Plaintiffs fail to evaluate the Pollution Policies in their entirety.

The Pollution Policies are attached to the Complaint.[23] The Policies consistently refer to Enviant as a "Correspondent."[24] And each certificate to the Pollution Policies includes a recital stating that Enviant is the "Correspondent" and the subscribing Underwriters are the "Insurers."[25]

> "[t]he Correspondent is not an Insurer hereunder and neither is nor shall be liable for any loss or claim whatsoever. The Insurers hereunder are those Underwriters at Lloyd's, London whose syndicate numbers can be ascertained as hereinbefore set forth."[26]

The primary Pollution Policy contains a notice section in Item 8(c) that lists Enviant and its mailing address.[27] Listing Enviant's mailing address makes sense because the Pollution Policies consider Enviant a Correspondent, not an Insurer. The notice provision does not convert a notice party to an Insurer. The Policies' language is unambiguous that Enviant was not meant to be held liable as an "Insurer" but as a "Correspondent." Enviant is dismissed as a defendant.

---

[21] Second Amended Complaint ¶ 37, ECF No. 70.
[22] Second Amended Complaint ¶ 38, ECF No. 70.
[23] Second Amended Complaint, Exhibit A, Exhibit B, ECF Nos. 70-2, 70-3.
[24] Second Amended Complaint, Exhibit A at 2, Exhibit B at 2, ECF Nos. 70-2, 70-3.
[25] Second Amended Complaint, Exhibit A at 2, Exhibit B at 2, ECF Nos. 70-2, 70-3.
[26] Second Amended Complaint, Exhibit A at 2, Exhibit B at 2, ECF Nos. 70-2, 70-3.
[27] Second Amended Complaint, Exhibit A at 5, ECF Nos. 70-2, 70-3.

### B. The Motion to Dismiss is Denied as to the Remaining Claims.

Defendants also argue that the Complaint is deficient because resolving the issue of Plaintiffs' ability to recover from other insurers is necessary to determine whether Defendants' policies have been triggered, and why such other insurance is unavailable has not been sufficiently plead.[28] The Court disagrees.

First, Plaintiffs claim that Endorsement No. 31 was not contained in Plaintiffs' copy of the Primary Policy provided by Enviant, so there is a fact dispute about whether the "other-insurance" language in that Endorsement is enforceable.[29] Second, each version of the other-insurance clause cited above contains the prefatory language "*[i]f* other valid and collectible insurance is available for any loss covered under this Policy. . . ."[30] Plaintiffs plead that there is no "other 'valid and collectible' insurance."[31] Defendants argue that the Plaintiffs were required to plead the facts about how exactly the primary policies were "exhausted" with granularity to state a claim to relief under the Federal Rules of Civil Procedure.[32] But Federal Rule of Civil Procedure 9(c) provides that "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." FED. R. CIV. P. 9(c). The Federal Rules of Bankruptcy Procedure apply Rule 9 to adversary cases in bankruptcy. FED. R. BANKR. P. 7009.

The Court finds that the Complaint meets the standard set by Rule 9(c). The Complaint contains many factual allegations that the other insurers have refused to provide coverage, that any self-insured retention has been met, that no other insurer has reimbursed any of the defense costs, and that Plaintiffs' net loss exceeds the limits of the primary policy.[33] The Court must take the facts alleged in the Complaint as true, including the allegation that the other insurers' refusal and failure to provide coverage means that there is no "valid and collectible" insurance "available."[34] And where the Complaint says some insurers *have* agreed to provide coverage, it clarifies that there will "remain numerous gaps in coverage."[35] The Complaint alleges that, to the extent there is overlap with the other insurance listed in the schedules attached to the Policies, there are amounts for which there is

---

[28] Defendants' Amended Motion to Dismiss ¶ 38, ECF No. 52.
[29] Second Amended Complaint ¶ 62, ECF No. 70.
[30] Second Amended Complaint, Exhibit A at 18, Exhibit B at 10, ECF Nos. 70-2, 70-3.
[31] Second Amended Complaint ¶ 66, ECF No. 70.
[32] Defendants' Amended Motion to Dismiss ¶ 39, ECF No. 52.
[33] Second Amended Complaint ¶¶ 5, 21, 36, 60, 85, 90, 95, ECF No. 70.
[34] Second Amended Complaint ¶ 66, ECF No. 70.
[35] Second Amended Complaint ¶ 67, ECF No. 70.

not "available" insurance from those other insurers.[36] Therefore, the Motion to Dismiss is denied as to the remaining claims.

### C. The Motion to Dismiss Under Rule 12(b)(7) or, in the Alternative, Requiring other Insurers to be Joined is Denied.

Defendants also ask the Court to either dismiss the Complaint under Federal Rule 12(b)(7) or otherwise order Plaintiffs to join the other insurers as necessary parties under Rule 19.[37] Federal Rule of Bankruptcy Procedure 7019 applies Rule 19 to adversary proceedings. FED. R. BANKR. P. 7019.

A Rule 12(b)(7) motion to dismiss for failure to join a necessary party is rooted in the requirements of Rule 19 and is a heavily fact-intensive and case-dependent inquiry. *Pulitzer-Polster v. Pulitzer*, 784 F.2d 1305, 1309 (5th Cir. 1986). There is a two-step analysis:

First, the court must determine whether the party should be added under the requirements of Rule 19(a). *August v. Boyd Gaming Corp.*, 135 Fed. Appx. 731, 732 (5th Cir. June 22, 2005). Rule 19(a)(1) requires that a person subject to process and whose joinder will not deprive the court of subject-matter jurisdiction be joined if:

> (A) in that person's absence, the court cannot accord complete relief among existing parties; or
>
> (B) that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:
>
>> (i) as a practical matter impair or impede the person's ability to protect the interest; or
>>
>> (ii) leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

FED. R. CIV. P. 19(a)(1); *Hood ex rel. Mississippi v. City of Memphis, Tenn.*, 570 F.3d 625, 628 (5th Cir. 2009).

Second, and only if the party meets those requirements, the court must determine whether the party is indispensable. *August*, 135 Fed. Appx. at 732. If a necessary party is indispensable but cannot be joined, the case should be dismissed. *Id*. The threat of multiple litigations will not make a necessary party indispensable, but the threat of inconsistent obligations will make the party indispensable.

---

[36] See, e.g., Second Amended Complaint ¶ 90, ECF No. 70.
[37] Defendants' Amended Motion to Dismiss ¶ 49, ECF No. 52.

*Cornhill Ins. PLC v. Valsamis, Inc.*, 106 F.3d 80, 84 (5th Cir. 1997) (citing *Shelton v. Exxon Corp.*, 843 F.2d 212, 218 (5th Cir.1988)). "For the joinder analysis, the Court takes the allegations in the complaint as true. . . . If evidence or additional briefing is needed to permit the court to make an informed decision, but is not presented, the court should not grant a motion to dismiss under Rule 12(b)(7)." *Indian Harbor Ins. v. KB Lone Star, Inc.*, No. H-11-CV-1846, 2012 WL 1038658, at *2 (S.D. Tex. Mar. 27, 2012) (citations omitted).

Courts have found that "[t]he mere presence of 'other insurance' terms in contested insurance contracts does not compel a finding that absent insurers are necessary parties." *Jim C. Hamer Co. v. Nautilus Ins.*, No. 2:06-CV-00465, 2006 WL 8439018, at *3 (S.D. W. Va. Nov. 14, 2006); *Brinco Mining Ltd. v. Fed. Ins.*, 552 F. Supp. 1233, 1238 (D.D.C. 1982) ("[t]he presence of 'other insurance' terms in the contested insurance contract does not automatically imply that a judgment by this Court will seriously impair or prejudice the interests of the absent insurance carriers."); *Bates v. Laminack*, 938 F. Supp. 2d 649, 660 (S.D. Tex. 2013) ("[t]he fact that the existing Defendants may have some right of reimbursement, contribution, or indemnity against a non-party does not make the non-party indispensable."). The Court in *Jim C. Hamer Co.* reasoned that it was not necessary to join co-insurers as defendants because the plaintiff in that case was not seeking to apportion liability among the insurers. 2006 WL 8439018, at *3; *see also Pruitt Tool & Supply Co. v. Noble Energy, Inc.*, No. 4:23-CV-01576, 2023 WL 8000288, at *3 (S.D. Tex. Oct. 13, 2023) (finding no "substantial risk of incurring double, multiple, or otherwise inconsistent obligations" under Rule 19 where the plaintiff was not asking the Court to determine non-party insurers' liability).

Plaintiffs only seek a determination about the insurance coverage required by the Insurers under the Pollution Policies.[38] Answering questions about the Pollution Policies does not require a determination about apportioning liability among the insurers. *See Jim C. Hamer Co.*, 2006 WL 8439018, at *3. So other insurance providers are not necessary parties. Defendants have not met their burden under Rule 19 of showing that the other insurers are necessary parties. Therefore, the Court need not determine whether the other insurers are indispensable or can be joined to this proceeding. *See August*, 135 Fed. Appx. at 732. The motion is denied without prejudice to Defendants' ability to later argue for necessary joinder or dismissal should the Court resolve the threshold matter of "excess" coverage versus "other-insurance" coverage in Defendants' favor. *See Trammell Crow Residential Co. v. Am. Prot. Ins.*, No. 3:11-CV-2853-N, 2012 WL 12885090, at *4 (N.D. Tex. Aug. 29, 2012)( "[i]f the question of joinder is bound up with the merits of the case, the court may defer its resolution of the issue until the trial itself or until after

---

[38] Second Amended Complaint ¶¶ 1-2, ECF No. 70.

7 / 9

discovery on the relevant issues can be had and an informed decision about joinder can be made.").

## II.    Plaintiffs' Motion for Partial Summary Judgment is Denied.

Plaintiffs ask the Court to grant partial summary judgment finding that the other-insurance clauses, including the clause contained in Endorsement No. 31, in the Pollution Policies do not allow the Insurers to deny coverage to Plaintiffs.[39] In their view, even under Defendants' interpretation of the other-insurance clauses, the other-insurance clauses do not permit insurers to deny coverage to a policy holder as a matter of law.[40] Instead, the Plaintiffs argue that these clauses only give Insurers a right of contribution from other insurers.[41]

Federal Rule of Civil Procedure 56 permits a party to move for summary judgment, "identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." FED. R. CIV. P. 56(a). Federal Rule of Bankruptcy Procedure 7056 incorporates Rule 56 in adversary proceedings. FED. R. BANKR. P. 7056. The initial burden falls on the movant to show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A 'material' fact is one 'that might affect the outcome of the suit under governing law' . . . ." *Renwick v. PNK Lake Charles, L.L.C.*, 901 F.3d 605, 611 (5th Cir. 2018) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Plaintiffs, as the movants here, bear the burden of showing that there is no genuine dispute as to any material fact. *Temple v. Williams*, 37 F.3d 630, 630 (5th Cir. 1994). If successful, the burden shifts to Defendants to identify specific record evidence and articulate precisely how the evidence defeats summary judgment. *See Matson v. Sanderson Farms, Inc.*, 388 F. Supp. 3d 853, 869 (S.D. Tex. 2019) (citing *Willis v. Cleco Corp.*, 749 F.3d 314, 317 (5th Cir. 2014)).

Plaintiffs move for summary judgment "on whether the other-insurance clause (even assuming the Pollution Insurers' interpretation of that clause were correct) releases the pollution insurers from providing coverage to Plaintiffs now."[42] As explained in detail above, there is a material fact issue as to whether the Pollution Policies are on equal footing with the other insurance policies or merely provide excess coverage (i.e., whether the relevant contractual language requires the exhaustion of the other policies or merely creates simultaneous liability among the insurers). Determining whether the primary policy of the Pollution Tower is a primary policy with an other-insurance clause or a true excess or umbrella policy requires, along with a determination of whether Endorsement No. 31 is part of the

---

[39] Plaintiffs' Motion for Partial Summary Judgment ¶12, ECF No. 53.
[40] Plaintiffs' Motion for Partial Summary Judgment ¶14, ECF No. 53.
[41] Plaintiffs' Motion for Partial Summary Judgment ¶14, ECF No. 53.
[42] Plaintiffs' Motion for Partial Summary Judgment ¶12, ECF No. 53.

policy, requires a fact analysis. And the Court cannot decide factually intensive matters on summary judgment.

The Motion for Partial Summary Judgment is denied.

## **CONCLUSION**

For the reasons states above, it is ORDERED that

1. All claims in the Complaint against Enviant are dismissed without prejudice;

2. Defendants' Motion to Dismiss the remaining claims against all other Defendants is denied; and

3. Plaintiffs' Motion for Partial Summary Judgment is denied.

Signed: September 10, 2024

Christopher Lopez
United States Bankruptcy Judge